# UNITED STATES DISTRICT COURT
for the
District of Utah 

FILED
2024 APR 2 PM 1:32
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched <br> or identify the person by name and address)* <br> A PURPLE SAMSUNG GALAXY S8 CELLPHONE WITH IMEI 357751084036364 | ) ) ) ) ) ) Case No. 4:24-mj-00029 PK <br> **SEALED** |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A

located in the _____ District of Utah, there is now concealed *(identify the person or describe the property to be seized)*:

See ATTACHMENT B
Law enforcement officers request authorization to compel Gary Joseph Hawkins to provide biometric features as described in ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(a) and (e) | Production of Child Pornography |
| 18 U.S.C. § 2252A(a) and (b) | Receipt/Distribution of Child Pornography |

The application is based on these facts:

See Affidavit of Detective Austin Ashby

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brady Wilson, Asst. United States Attorney
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 2, 2024

*Judge's signature*

City and state: St. George , Utah          Paul Kohler, U.S. Magistrate Judge
*Printed name and title*

TRINA A. HIGGINS, United States Attorney (#7349)
BRADY WILSON, Assistant United States Attorney (#17350)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4266
brady.wilson@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE SEARCH OF A PURPLE SAMSUNG GALAXY S8 CELLPHONE WITH IMEI 357751084036364 | **FILED UNDER SEAL**<br><br>AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT<br><br>Case No. 4:24-mj-00029 PK |

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT**

I, AUSTIN ASHBY, Agent, Utah State Bureau of Investigation, being duly sworn, states:

### I.   AFFIANT BACKGROUND AND QUALIFICATIONS

1. I am an agent with the Utah State Bureau of Investigation and have been so employed by the Utah Department of Public Safety since April, 2016. I am also deputized as a federal Task Force Officer with the Drug Enforcement Administration (DEA). As a

result, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). I am currently assigned to the St. George, Utah Post of Duty. I graduated from Grand Canyon University with a Bachelor of Science in Criminal Justice and currently work as a member of the State Child Exploitation Team for the last 2 years. As a result, I have received specialized training into child exploitation investigations from the FBI Child Exploitation and Human Trafficking Task Force.

2.  I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

3.  In my capacity as an Agent, I have made numerous arrests for child exploitation cases which have resulted in successful state and federal prosecutions.

4.  During my career, I have investigated numerous types of offenses, including those involved in the current investigation.  These investigations have included, but not limited to, a chatroom investigation involving a 37-year-old male from the Davis County area that was on bail for unlawful sexual activity with a minor. After a several month-long investigation, he was arrested for enticing a minor through internet or text and subsequently convicted in 2024. A separate case involved a lengthy investigation of approximately 8 months involving a medical student at the University of Utah using multiple layers of VPN, fake accounts, and other methods of masking to prevent being

discovered by law enforcement while attempting to meet children online. He was also arrested and ultimately convicted in 2023.

5.     I have also drafted multiple federal affidavits, have testified in grand jury proceedings and at trial, and have written investigative reports. These investigations resulted in numerous state and federal prosecutions of persons who have engaged in child exploitation.

6.     In this affidavit, I use the term "computer" to refer to any electronic device that manipulates information, or data and can store, retrieve, and process data. For purposes of this affidavit, when I use that term, I am including cellular telephones that can perform many of the functions of a computer, often referred to as "smartphones." In the context of this affidavit, the SUBJECT DEVICE is a smartphone, which is a type of computer.

## II.     KNOWLEDGE BASED ON TRAINING AND EXPERIENCE

7.  I have had both training and experience in the investigation of digital technology-based crimes.  Based on my training and experience, I know the following:

   a.  Computers and digital technology (including "smartphones") are the primary way in which individuals interested in child pornography interact with each other. Computers and digital technology basically serve four functions in connection with child pornography:  production, communication, distribution, and storage.

   b.  Digital cameras and smartphones with cameras save photographs or videos as a digital file that can be directly transferred to a computer by connecting the camera or smartphone to the computer, using a cable or via wireless connections such as "WiFi" or "Bluetooth."  Photos and videos taken on a digital camera or smartphone may be stored

on a removable memory card in the camera or smartphone. These memory cards are often large enough to store thousands of high-resolution photographs or videos.

      c.  A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection.  Mobile devices such as smartphones and tablet computers may also connect to other computers via wireless connections. Electronic contact can be made to literally millions of computers around the world.  Child pornography can therefore be easily, inexpensively and anonymously (through electronic communications) produced, distributed, received and possessed by anyone with access to a computer or smartphone.

      d.  The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography.  Electronic storage media of various types - to include computer hard drives, external hard drives, CDs, DVDs, and "thumb," "jump," or "flash" drives, which are very small devices that are plugged into a port on the computer - can store thousands of images or videos at very high resolution.  It is extremely easy for an individual to take a photo or a video with a digital camera or camera-bearing smartphone, upload that photo or video to a computer, and then copy it (or any other files on the computer) to any one of those media storage devices.  Some media storage devices can easily be concealed and carried on an individual's person. Smartphones and/or mobile phones are also often carried on an individual's person.

      e.  The Internet affords individuals several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

   f. Individuals also use online resources to retrieve and store child pornography.  Some online services allow a user to set up an account with a remote computing service that may provide email services and/or electronic storage of computer files in any variety of formats. A user can set up an online storage account (sometimes referred to as "cloud" storage) from any computer or smartphone with access to the Internet.  Even in cases where online storage is used, however, evidence of child pornography can be found on the user's computer, smartphone, or external media in most cases.

   g. A growing phenomenon related to smartphones and other mobile computing devices is the use of mobile applications, also referred to as "apps."  Apps consist of software downloaded onto mobile devices that enable users to perform a variety of tasks – such as engaging in online chat, sharing digital files, reading a book, or playing a game – on a mobile device.  Individuals commonly use such apps to receive, store, distribute, and advertise child pornography, to interact directly with other like-minded offenders or with potential minor victims, and to access cloud-storage services where child pornography may be stored.

   h. As is the case with most digital technology, communications by way of computer can be saved or stored on the computer used for these purposes. Storing this information can be intentional (i.e., by saving an email as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files) or unintentional. Digital information, such as the traces of the path of an electronic communication, may also be automatically stored in many places (e.g., temporary files or

ISP client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained indefinitely until overwritten by other data.

### III. PURPOSE OF AFFIDAVIT

8. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. Chapter 205 to authorize the search of a Samsung Galaxy S8 Cellphone with IMEI 357751084036364 (the SUBJECT DEVICE) pursuant to an ongoing investigation of Gary Joseph Hawkins related to offenses under Title 18 of the United States Code, specifically described below.

9. Investigators in Sevier County, Utah arrested Gary Joseph Hawkins on January 29, 2024 following a months' long investigation into his alleged distribution and possession of child pornography. Hawkins was indicted by a federal grand jury in the District of Utah on February 13, 2024 for Count I, Distribution of Child Pornography and Count II, Possession of Child Pornography.

10. In early 2024, a woman (M.S.) contacted the FBI in Salt Lake City, UT after learning of Hawkins' recent arrest. That woman explained that she had previously turned the SUBJECT DEVICE over to the San Juan County (New Mexico) Sheriff's Office in September 2018 with the indication that the SUBJECT DEVICE belonged to Hawkins at that time and may contain child pornography.

11. The FBI recently obtained the SUBJECT DEVICE from the San Juan County (New Mexico) Sheriff's Office. The SUBJECT DEVICE is currently secured in evidence

at the FBI Field Office at 5425 West Amelia Earhart Dr., Salt Lake City, UT 84116. The property to be searched is further described in Attachment A of this Affidavit. The items to be seized are further described in Attachment B of this Affidavit. I am requesting authority to search the SUBJECT DEVICE as further described in Attachment A and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of crimes.

12. The statements in this affidavit are based in part on information provided by law enforcement officers assigned to other law enforcement agencies, other special agents and employees of FBI and on my experience and background as a detective and federal Task Force Officer. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known concerning this investigation. I have set forth only the facts are believed to be necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of 18 U.S.C. 2251(a) and (e) (production of child pornography); 18 U.S.C. § 2252(a)(2) and (b)(1) (receipt or distribution of a visual depiction of a minor engaged in sexually explicit conduct); 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (receipt or distribution of child pornography).

### IV. PROBABLE CAUSE

13. An online undercover investigation was conducted by a member of the Federal Bureau of Investigation (FBI) Child Exploitation and Human Trafficking Task Force (CEHTTF) from November 2, 2023, to January 16, 2024. An FBI certified online covert employee (OCE) presented as a 43-year-old mother of a purported 9-year-old female child.

14. Beginning on November 2, 2023, the profile of OCE maintained on the mobile messaging application KIK was contacted by a then-unknown subject. KIK is a mobile phone messaging application used to find and meet other people, exchange pictures or videos and exchange text messages. The unknown subject referred to himself with the username, "funforall8766" in the KIK application and his profile. His profile picture appeared to be a black and white skull with a background of certain open direct messages (DMs). In my training and experience, open DMs means the recipient is willing to accept direct messages from people they do not know on social media.

15. The then-unknown subject introduced himself as, "Joe" and sent a picture of his face, which closely resembled the Utah Driver's License photo for GARY JOSEPH HAWKINS, license number xxxxx0770, expiring on 11/xx/2024. On December 4, 2023, an administrative subpoena was issued to KIK for subscriber information related to account, "funforall8766." KIK responded the following day showing the account was created on June 22, 2023 using the email, "fireball874@yahoo.com." The account was accessed primarily via two methods: (1) wireless internet (IP address, 207.50.149.142); and (2) a mobile phone on the Verizon network. Additional subpoenas for the IP addresses utilized were issued to both Verizon Wireless and Infowest. Verizon Wireless returned results showing the mobile IP addresses which were used to access KIK account, "funforall8766" belonged to mobile telephone number 435-253-1620, which is registered to Gary Hawkins, with a billing address of PO Box 363, Aurora, UT. On January 16, 2024, Infowest, Inc. returned results showing IP address 207.50.149.142, belonged to

"customer Gary Hawkins." Given the above information, I believe the KIK user, "funforall8766", was Gary Joseph Hawkins.

16. Hawkins first sent a message via KIK to OCE on November 2, 2023, and continued the messages through January 16, 2024. Specifically, on November 5, 2023, Hawkins sent a photo of a pubescent female showing her exposed breasts and vaginal area, with her eyes covered. When questioned who the female was Hawkins said "that is a friends daughter she's 17…I took it off her phone…I also have younger stuff too. On the same day, Hawkins told OCE, "…I've never been in trouble I did come really close to them finding cp [child pornography] on my phone one time…[t]hey found pictures of my ex step daughters and a few friends kids but I hadn't had that phone for like 6 months when the ex-wife took it." Just after this message, Hawkins sent a video (approximately one minute in length) of a fully nude, pubescent child having vaginal intercourse with an adult male. The child's breasts and vaginal area were exposed while she straddled the penis of the adult male in the video, which contained the caption, "letting our daughter take her daddy for a ride."

17. On January 29, 2024, agents arrested Hawkins during a traffic stop near I-70 and the SR-89 junction. During the arrest, agents told Hawkins of the intent to search his residence and vehicles. Hawkins attempted to send his adult son a message from the back of the patrol vehicle with a black Samsung cell phone that he had on his person. An officer saw a preview of the message which appeared to be instructions to return to the residence to delete or destroy evidence.

18. Pursuant to a search warrant that same day at Hawkins' residence in Sevier County, agents located multiple electronic devices in his residence, including a silver Samsung cell phone in Hawkins' closet.

19. Agents followed up with search warrants on Hawkins' devices (a black Samsung cell phone that was located on his person, and a silver Samsung cell phone that was located in his closet) and located a significant amount of under-12-year-old Child Sexual Abuse Material (CSAM).

20. Hawkins was booked into the Sevier County Jail on January 29, 2024. As briefly described above, M.S. contacted the FBI in Salt Lake City after she saw a news article regarding Hawkins' arrest. She told FBI investigators that, approximately 5 ½ years ago (September 2018), she turned a cell phone belonging to Hawkins (the SUBJECT DEVICE) into the San Juan County Sheriff's Office in New Mexico. M.S. explained that she is the sister of Hawkins' ex-wife (G.S.). She explained that the SUBJECT DEVICE was taken from Hawkins by G.S. at that time because she located "some concerning text messages and other forms of communication that led her to believe he was involved in trading child pornography and possibly has been molesting her daughters who [were] 13 and 8 years old." She further explained that G.S. apparently located photos depicting CSAM on the SUBJECT DEVICE and that the photos were found while G.S. was living with (and married to) Hawkins, along with her two daughters (ages 13 and 8), at their residence in Utah. This is consistent with what Hawkins told OCE on November 5, 2023 during one of their online KIK chats when he messaged, "…I've never been in trouble I did come really close to them finding cp [child pornography] on my phone one

time…[t]hey found pictures of my ex step daughters and a few friends kids but I hadn't had that phone for like 6 months when the ex-wife took it."

21. When Utah investigators recently reached out to the San Juan County (New Mexico) Sheriff's Office, they learned that investigators there interviewed Hawkins around the time they obtained the SUBJECT DEVICE (September 2018), but ultimately charges were not filed. Nonetheless, Utah investigators were advised that a review of the SUBJECT DEVICE, pursuant to a state search warrant there, was done and it confirmed CSAM on the SUBJECT DEVICE. As a result, Utah investigators recently requested a transfer of the SUBJECT DEVICE to them in Utah. The SUBJECT DEVICE was sent to FBI agents in Salt Lake City where it was placed into evidence, as described above, pending this search warrant.

## V.  CONCLUSION

22. I request authority to search the SUBJECT DEVICE to collect the CSAM believed to still be on the SUBJECT DEVICE because it has been in the custody of law enforcement since it was turned over to the San Juan County (New Mexico) Sheriff's Office by M.S. and G.S. approximately 5 ½ years ago. Further, investigators believe that the CSAM likely on the SUBJECT DEVICE was created in Utah and thus may lead to new federal criminal charges.

23. Based on the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe that the SUBJECT DEVICE was used in furtherance/facilitation of the production of child sexual abuse material, and that the information sought herein will materially aid the investigation.

24. I further believe that information concerning the aforementioned offenses will be obtained by searching and collecting the data from the SUBJECT DEVICE, as it will likely contain evidence of these crimes.

RESPECTFULLY SUBMITTED this 2nd day of April, 2024.

  /s/ Austin Ashby_____
AUSTIN ASHBY, Detective
Utah State Bureau of Investigation

Subscribed and sworn to before me this 2nd day of April, 2024.

_____
JUDGE PAUL KOHLER
United States Magistrate Judge

## **ATTACHMENT A**
## **PROPERTY TO BE SEARCHED**

A Purple Samsung Galaxy Cellphone with IMEI 357751084036364 (the SUBJECT DEVICE) currently stored in FBI evidence at the FBI Salt Lake City Office located at 5425 W Amelia Earhart Dr, Salt Lake City, UT 84116.

## ATTACHMENT B
## PROPERTY TO BE SEIZED

The following materials, which constitute evidence of a criminal offense; contraband, fruits of crime; and/or property designed or intended for use or has been used in committing a criminal offense, namely violations of 18 U.S.C. 2251(a) and (e) (production of child pornography); 18 U.S.C. § 2252(a)(2) and (b)(1) (receipt or distribution of a visual depiction of a minor engaged in sexually explicit conduct); 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (receipt or distribution of child pornography), and are contained in the item(s) listed in Attachment A:

1. child pornography, as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), and child erotica.

2. evidence of who used, owned, or controlled the SUBJECT DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

3. evidence of software that would allow others to control the SUBJECT DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

4. evidence of the lack of such malicious software;

5. evidence indicating how and when the SUBJECT DEVICE was accessed or used to determine the chronological context of SUBJECT DEVICE access, use, and events relating to the crime(s) under investigation and to the SUBJECT DEVICE user;

6. evidence indicating the SUBJECT DEVICE user's knowledge and/or intent as it relates to the crime(s) under investigation;

7. evidence of the attachment to the SUBJECT DEVICE of other storage devices or similar containers for electronic evidence;

8. evidence of programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICE;

9. evidence of the times the SUBJECT DEVICE was used;

10. passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICE;

11. documentation and manuals that may be necessary to access the SUBJECT DEVICE or to conduct a forensic examination of the SUBJECT DEVICE;

12. records of or information about Internet Protocol addresses used by the SUBJECT DEVICE;

13. records of or information about the SUBJECT DEVICE's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

14. contextual information necessary to understand the evidence described in this attachment.
15. evidence relating to the identity or location of the persons suspected of violating the statutes described above;
16. evidence relating to the sexual exploitation of children, including correspondence and communications sent to or from the SUBJECT DEVICE; and
17. evidence showing access to and/or use of any app for the purpose of communicating about the sexual exploitation of children.

In order to facilitate the search of the SUBJECT DEVICE described in Attachment A, law enforcement personnel are also requesting authorization to compel Gary Joseph Hawkins to provide biometric features, including pressing fingers (including thumbs) against and/or putting his face before the sensor, or any other security feature requiring biometric recognition, of the SUBJECT DEVICE for the purpose of attempting to unlock the device security features in order to search the contents as authorized by this warrant.